UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| TONY FINCH, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV614-065 |
| | ) | CR607-032 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Tony Finch has filed a 28 U.S.C. § 2255 motion attacking his sentence. Doc. 182.[1] The Court originally sentenced him to a 228-month term of imprisonment in 2008, but in 2013 it reduced his sentence to 162 months per the government's Fed. R. Civ. P. 35 motion. Doc. 181. Upon preliminary review,[2] the Court notes Finch's concession that § 2255(f)'s one-year statute of limitation applies to him. Doc. 183 at 4-5. He asserts,

---

[1] The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper document's printed pagination.

[2] "The judge who receives the [section 2255] motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." 28 U.S.C. § 2255 Rule 4(b).

however, that his motion was filed within one year of the date the Supreme Court issued its decision in *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276 (2013), which he interprets as enabling him to show as invalid prior state felony offenses used to enhance his federal sentence. Doc. 183 at 2-5.

A § 2255 motion is timely if filed within a year of the date the right asserted in the motion is initially recognized by the Supreme Court, *provided* the Court makes that right "retroactively applicable to cases on collateral review." § 2255(f)(3); *see Dodd v. United States*, 545 U.S. 353, 359 (2005); *Teague v. Lane*, 489 U.S. 288, 310-11 (1989). The courts that have considered the question have held that *Descamps* is not retroactive. *See, e.g., Chapman v. United States*, 2014 WL 1931814 at *3-4 (S.D. Tex. May 14, 2014) (*Descamps* did not set out a new rule applicable to cases on collateral review); *Tignor v. Maiorana*, 2014 WL 2547591 at * 3 (W.D. La. June 4, 2014); *Larvie v. United States*, 2014 WL 2465588 at * 5 (D.S.D. June 2, 2014).

Because Finch's § 2255 motion is time-barred, it should be **DENIED**. *Johnson v. United States*, 2014 WL 2215772 (M.D. Fla. May

27, 2014). Applying the Certificate of Appealability ("COA") standards, the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 24th day of June, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA